UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **VIVA WHITEING,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Civil Action No. 03-2546 (LFO) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) ) ) | |
| **Defendants** | ) ) | |

## MEMORANDUM OPINION

Plaintiff, Viva Whiteing, brings this action in her individual capacity, on behalf of the estate of her husband, Wesley Whiteing, and as next friend of Kyree Whiteing and Keith Whiting, Mr. Whiteing's children. Defendants are the District of Columbia (the "District"), Gayle Turner, the Administrator of the District of Columbia Youth Services Administration, and Dytrad Management Services, Incorporated ("Dytrad"). Plaintiffs seek damages under 42 U.S.C. § 1983 for violations of Mr. Whiteing's constitutional rights and under the common law of the District of Columbia for Defendants' alleged negligence.

This matter is currently before the Court[1] on Defendants District of Columbia and Gayle Turner's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment [Dkt. Nos. 43 and 67] and Dytrad's Motion for Judgment on the Pleadings [Dkt. No. 55]. Upon consideration of the Motions, Oppositions, and Replies, and the entire record herein, and for the

---

[1] On July 27, 2007, the Calendar Committee reassigned this case from the late Judge John Garrett Penn to Judge Louis F. Oberdorfer [Dkt. No. 63].

reasons set forth below, Defendants District of Columbia and Gayle Turner's Motion for Judgment on the Pleadings is granted and Dytrad's Motion for such a judgment is also granted.

## I. BACKGROUND

In deciding a motion on the pleadings, the Court accepts the facts as alleged in the complaint.  See Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1485 (D.C. Cir. 1992).  The complaint alleges that on September 8, 2001 Jaycee Byrd was an escapee from a group home operated by Dytrad called Gateway III, where he was incarcerated as a ward of the District.  Id. ¶¶ 11, 14.  On that date, Byrd fatally shot Mr. Whiteing during an attempt to steal his jacket.  Id. ¶¶ 9-10.

The defendants knew that Byrd had escaped from Gateway III on two occasions, yet did nothing to prevent his third and final escape.  Id. ¶ 13.  They were negligent in their supervision of Byrd, negligently operated Gateway III, and negligently supervised Youth Services Administration.  Id. ¶¶ 15-16.

Ms. Whiteing was unaware Byrd was a ward of the District until she read a newspaper article in the Washington Post about escapes from District group homes.  Id. ¶ 18.  Juveniles escaped from group homes 782 times during a ten-month period in 2001; one third of the time without ever returning.  Id. ¶ 19.  Twenty youths committed serious crimes after escaping District group homes between 1998 and 2002.  Id. ¶ 20.  In June 2002, more juveniles (presumably juveniles under District supervision, although this is not clear from the Complaint) were loose on the streets than were living in group homes or jail.  Id. ¶ 21.  The District has assigned only two police officers on a part-time basis to locate approximately 600 runaways a year.  Id. ¶ 22.

Defendants move for, and plaintiff opposes, a judgment on the pleadings.

## II. ANALYSIS

Defendants cite three cases involving crimes committed by juveniles who had escaped from District-run group homes: Barnes v. District of Columbia, C.A. No. 03-2547 (D.D.C. 2007) (J. Roberts); Johnson v. District of Columbia, C.A. No. 03-2548 (D.D.C. 2006) (J. Kessler); and Turner v. District of Columbia, C.A. No. 04-48 (D.D.C. 2006) (J. Collyer). I am persuaded that each of these cases was correctly decided and that each, particularly Johnson, is not materially distinguishable from the instant case: (1) the facts in all three prior cases are nearly identical to the facts in this case, differing only in the names, dates, and specific nature of the offenses committed by the escaped juveniles; (2) only Johnson includes Dytrad as a defendant, and the facts in Johnson with respect to Dytrad are also nearly identical; and (3) the parties' memoranda in the three prior cases are virtually identical to the memoranda in this case – at least one attorney for the plaintiffs appears in all four cases.

The decisions in each of these cases rely on the same basic analysis to reach the following holdings: (1) the plaintiffs did not suffer a deprivation of a constitutionally protected property interest; Barnes at 4-7; Johnson at 7-13; Turner at 15-20; (2) the plaintiffs did not suffer a deprivation of a constitutionally protected liberty interest; Barnes at 7-11; Johnson at 13-18; Turner at 7-15; and (3) the public-duty doctrine bars the plaintiff's negligence claims against the Government Defendants; Barnes at 11-14; Johnson at 19-26; Turner at 20-25. In addition to these three holdings, the court in Johnson also held that the negligence claims against Dytrad fail because Dytrad had no legal duty to the plaintiffs. Johnson at 30.

## III. CONCLUSION

The foregoing considered, an accompanying order grants defendants' motions for judgment on the pleadings.

-4-

/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2007